**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**Austin Division**

| | |
|---|---|
| SHENZHEN TANGE LI'AN E-COMMERCE CO., LTD. and ITOMTE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DRONE WHIRL LLC d/b/a 7PRODUCTGROUP and TATIANA MIRONOVA,<br><br>Defendants. | Case No.: 1:20-CV-738-RP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 5

II. PROCEDURAL HISTORY ..... 6

III. LEGAL STANDARDS ..... 6

- A. Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) ..... 6
- B. Design Patents ..... 8

IV. ARGUMENT ..... 9

- A. Mironova Admits that Shenzhen's Gnome Toys Are Prior Art to the '756 Patent ..... 9
- B. Mironova Admits that Shenzhen's Gnome Toys Are Substantially Similar to the Design Claimed In the '756 Patent ..... 12
- C. The '756 Patent Is Invalid as Anticipated Under 35 U.S.C. § 102 and/or Obvious Under 35 U.S.C. § 103 ..... 17

V. CONCLUSION ..... 18

## TABLE OF AUTHORITIES

**Cases**

*Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1370 (Fed. Cir. 2006)......... 9

*Auto. Body Parts Ass'n v. Ford Glob. Techs*., LLC, 930 F.3d 1314, 1316 (Fed. Cir. 2019)........ 15

*Benitez v. Pecenco,* 92 Civ. 7670, 1995 WL 444352 at n. 5 (S.D.N.Y. July 27, 1995) ................ 8

*Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 821 (Fed. Cir. 1992)................................ 10

*Davis v. City of Baldwyn*, No. CIV.A. 1:99CV352-D-D, 2000 WL 994469, at *2 (N.D. Miss. July 7, 2000)...................................................................................................................... 8

*Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) .......................... 10

*Durling v. Spectrum Furniture Co.,* 101 F.3d 100, 103 (Fed. Cir. 1996).................................... 19

*Gorham Mfg. Co. v. White*, 81 U.S. 511 (1871) ........................................................................... 9

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).. 8

*High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1315 (Fed. Cir. 2013) ............... 15

*Hosley Int'l Trading Corp. v. K Mart Corp.,* 237 F. Supp. 2d 907, 911 (N.D. Ill. 2002) ............ 10

*In re Maatita,* 900 F.3d 1369, 1377 (Fed. Cir. 2018) .................................................................... 9

*Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) ..... passim

*KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993) ....... 9

*Larsen v. Trader Joe's Co.*, 917 F. Supp. 2d 1019, 1022 (N.D. Cal. 2013).................................. 9

*Manufacturers All. Ins. Co. v. B&B Transportation, LLC*, No. 1:18-CV-13-RP, 2018 WL 7288578, at *5 (W.D. Tex. Dec. 14, 2018)..................................................................... 9

*OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997) ........................ 9, 15

*Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)................................................................. 18

*PHG Techs., LLC v. St. John Companies, Inc.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) ................ 9

*Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238 (Fed. Cir. 1986) .......................... 9

*Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 653 (S.D. Tex. 2012).. 8

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993) ........................................................ 8

*Tecumseh Prods. Co. v. Briggs & Stratton Corp.,* 295 F. Supp. 2d 902 (E.D. Wis. 2003).......... 10

*Titan Tire Corp. v. Case New Holland, Inc*. 566 F.3d 1372, 1380 (Fed. Cir. 2009) ............. 18, 19

*Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) .............. 8

**Statutes**

35 U.S.C. § 102(a)(1)................................................................................................................. 10

35 U.S.C. § 171(a) ....................................................................................................................... 9

35 U.S.C. §103............................................................................................................................ 18

**Rules**

Fed. R. Civ. P. 12(c) ..................................................................................................................... 7

Fed. R. Civ. P. 8(b)(6)........................................................................................................... 8, 11

**Treatises**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed.)... 8

Plaintiffs Shenzhen Tange Li'An E-Commerce Co., Ltd. ("Shenzhen") and ITOMTE, Inc. ("ITOMTE") hereby move for partial judgment on the pleadings pursuant to Fed. R. Civ. P 12(c) (the "Motion") on Plaintiffs' claim for declaratory judgment of invalidity of U.S. Design Patent No. D819,756 (the "'756 patent"). This Motion is opposed by Defendants Tatiana Mironova ("Mironova") and Drone Whirl LLC (collectively, "Defendants").

## I. INTRODUCTION

This case presents a remarkable set of facts. As confirmed by Mironova's sworn testimony at the Court's preliminary injunction hearing, Mironova (i) purchased gnome toys from Defendants, (ii) copied the ornamental design of those toys in a later-filed design patent application, and (iii) after that application issued as the '756 patent, filed infringement complaints with Amazon to shut down Plaintiffs' sales of those same gnome toys. One would be hard pressed to find a comparably fraudulent and deliberate abuse of design patents to eliminate market competition.[1]

Because Defendants did not (and cannot) deny Mironova's sworn testimony before the Court confirming the invalidity of the '756 patent, Plaintiffs make this Motion as an efficient means to bring the '756 patent to a long overdue end. Once invalidated, Plaintiffs may finally be able to convince Amazon to lift its year-long ban on Plaintiffs' storefronts for infringing its own prior art ornamental design – a legal impossibility since prior art can never infringe a valid patent.[2]

---

[1] Given the blatant copying of Shenzhen's gnome toys for the '756 patent, its claim scope arguably covers nothing beyond Shenzhen's prior art products.

[2] By opposing this Motion, Defendants must also contend that Mironova's infringement complaints to Amazon were baseless because the '756 patent claim is not anticipated by Shenzhen's prior art gnome toys. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) ("[I]t has been well established for over a century that the same test must be used for both infringement and anticipation....").

## II. PROCEDURAL HISTORY

Plaintiffs filed their complaint against Defendants on July 9, 2020, seeking declaratory judgment of invalidity and unenforceability of the ’756 patent, and asserting related tort claims under Texas law for unfair competition and tortious interference with contract. (*See generally* Dkt. 1.) Concurrently with the complaint, Plaintiffs moved for a temporary restraining order and preliminary injunction against Defendants. (Dkt. 4.)

On August 11, 2020, the Court held a preliminary injunction hearing (the “PI Hearing”) during which Mironova gave sworn testimony. (Dkt. 27.) In the interest of efficiency and to expedite the closing of the pleadings, and because Defendants refused to give written consent, Plaintiffs moved the Court to grant leave to file an amended complaint that incorporates the PI Hearing transcript and references sworn testimony by Mironova. (Dkt. 32.) Plaintiffs withdrew the motion for leave (Dkt. 34) and filed an amended complaint as of right on Sept. 25, 2020 (Dkt. 36) (“Complaint”) after Defendants’ answered the original complaint on Sept. 21, 2020 (Dkt. 33). Defendants answered the amended complaint on October 9, 2020 (Dkt. 39) (“Answer”) and Plaintiffs answered Defendants’ counterclaims on October 13, 2020 (Dkt. 40).

Plaintiffs bring this motion for partial judgment on the pleadings under Rule 12(c) now that the pleadings are closed.

## III. LEGAL STANDARDS

### A. Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)

A motion for judgment on the pleadings may be made “[a]fter the pleadings are closed” and “early enough not to delay trial.” Fed. R. Civ. P. 12(c).

“A Rule 12(c) motion is designed to dispose of cases where the material facts are not in dispute and judgment on the merits of the case can be determined by looking to the substance of the pleadings and any judicially noticed facts.” *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*,

874 F. Supp. 2d 635, 653 (S.D. Tex. 2012) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). In considering a motion for judgment on the pleadings, the Court may also consider documents that are incorporated into pleadings as exhibits "because these documents thereby [become] part of [the] pleadings." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

A Rule 12(c) motion may be granted "if all material issues can be resolved on the pleadings by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed.) (citing cases). Therefore, "[a] defendant whose answer fails to contest critical averments in the complaint will, on motion, suffer a judgment on the pleadings …." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993) (citing Fed. R. Civ. P. 12(c)); *see also Davis v. City of Baldwyn*, No. CIV.A. 1:99CV352-D-D, 2000 WL 994469, at *2 (N.D. Miss. July 7, 2000) ("[A]ll uncontested allegations to which the parties had an opportunity to respond are taken as true."); Fed. R. Civ. P. 8(b)(6) ("An allegation ... is admitted if a responsive pleading is required and the allegation is not denied"). And pro forma denials in the face of contradictory evidence is insufficient to create a factual dispute. *See Benitez v. Pecenco,* 92 Civ. 7670, 1995 WL 444352 at n. 5 (S.D.N.Y. July 27, 1995) (conclusory allegation that medication was not issued was directly contradicted by medical records and was insufficient to create a factual dispute on that issue); Wright & Miller, *supra*, § 1368 ("Although a court will not grant a Rule 12(c) motion if a material issue of fact exists, federal judges have been firm in requiring that the issues be genuine and not based on mere pro forma denials or sham or patently false assertions in the pleadings.").

Although Rule 12(c) "does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action." *Larsen v.*

*Trader Joe's Co.*, 917 F. Supp. 2d 1019, 1022 (N.D. Cal. 2013); *see also Manufacturers All. Ins. Co. v. B&B Transportation, LLC*, No. 1:18-CV-13-RP, 2018 WL 7288578, at *5 (W.D. Tex. Dec. 14, 2018) (J. Pitman) (issuing a substantive ruling on a partial motion for judgment on the pleadings).

B. Design Patents

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 171(a). As indicated by the statute, a design patent only protects ornamental aspects of an article of manufacture. *See OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997); *see also Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1370 (Fed. Cir. 2006) ("A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent.") (quoting *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993)). "If the patented design is primarily functional rather than ornamental, the patent is invalid." *PHG Techs., LLC v. St. John Companies, Inc.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) (quoting *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238 (Fed. Cir. 1986)).

"[T]he ordinary observer test is the sole test for design patent anticipation." *In re Maatita,* 900 F.3d 1369, 1377 (Fed. Cir. 2018) (citing *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009)). The ordinary observer test asks, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Int'l Seaway Trading Corp.* at 1239 (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511 (1871)). When making this comparison, "generally concealed features are not

proper bases for design patent protection because their appearance cannot be a matter of concern." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001).

The invalidity of a design patent may be properly determined on a Rule 12(c) motion where there are no genuine issues of material fact. *Cf. Int'l Seaway Trading Corp.*, 589 F.3d at 1239 ("Although the ordinary observer test requires consideration of the design as a whole, this does not prevent the district court on summary judgment from determining that individual features of the design are insignificant from the point of view of the ordinary observer and should not be considered as part of the overall comparison.") (internal citations omitted). Moreover, the application of the ordinary observer test may rely exclusively on a visual comparison. *See Hosley Int'l Trading Corp. v. K Mart Corp.,* 237 F. Supp. 2d 907, 911 (N.D. Ill. 2002) ("Gorham does not prohibit a trier of fact from relying exclusively or primarily on a visual comparison") (citing *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 821 (Fed. Cir. 1992)); *Tecumseh Prods. Co. v. Briggs & Stratton Corp.,* 295 F. Supp. 2d 902 (E.D. Wis. 2003) (finding expert testimony is not a sine qua non to a court's ability to apply the "ordinary observer" test).

## IV. ARGUMENT

### A. Mironova Admits that Shenzhen's Gnome Toys Are Prior Art to the '756 Patent

Prior art encompasses any matter that "was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1).

In 2016, Shenzhen designed and manufactured a new stuffed gnome toy (hereinafter, "gnome toy" or "Tomte Toy"). (*See* Luo Decl., Dkt. 36-1 at 63-64 [¶¶4-5].) Shenzhen's Tomte Toy Amazon product listing is prior art because the Tomte Toy was publicly available and offered for sale to Mironova and the general public on the Amazon.com platform before March 16, 2017, which is the priority and filing date of the '756 patent. (Dkt. 36-1 at 2 ('756 patent cover).)

Mironova's purchases of the Tomte Toy are also prior art because Mironova bought the Tomte Toy before March 16, 2017.

During the PI Hearing,[3] Mironova testified that she first purchased the Tomte Toy from Shenzhen around "winter 2016":

> COUNSEL: When did you make the first purchase of the gnome toy from the plaintiffs?
> MIRONOVA: I don't remember exactly, winter 2016.
> COUNSEL: winter 2016. Okay. So sometime between October and December, would that be accurate?
> MIRONOVA: Probably.

(Transcript of PI Proceeding, Dkt. 30 at 45:14-19; Dkt. 36 ¶ 28 (citing *id*. at 45:13-19)).

Mironova also confirmed that these purchases occurred before the priority/filing date of the patent application that issued as the '756 patent:

> COUNSEL: So you purchased products from [Plaintiffs] before you filed the ['404] application; is that correct?
> MIRONOVA: That's correct. I purchased the products from the plaintiff but this is my design.

(Transcript of PI Proceeding, Dkt. 30 at 48:2-6; Dkt. 36 ¶ 42 (citing *id*. at 47:8-48:6). In their Answer, Defendants respond that "[t]he transcript of the hearing speaks for itself, and to the extent Plaintiffs' characterization diverges from the text of the transcript, Plaintiffs' characterization is denied." (Dkt. 39 ¶¶ 28, 42.) Because there is nothing ambiguous about Mironova's sworn testimony, and Plaintiffs are not relying on a specific interpretation beyond her plain words, her sworn statements are therefore admitted. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation ... is admitted if a responsive pleading is required and the allegation is not denied").

---

[3] Because the PI Hearing transcript (Dkt. 30) is under restriction by the Court until November 30, 2020, it was expressly incorporated as Exhibit D to the amended complaint without further reproduction. (*See* Dkt. 36 p. 3, n.2.)

In their Answer, Defendants also "admitted that Drone Whirl placed an order for at least 300 gnomes in November 2016" (Dkt. 39 ¶ 27); "admitted that Mironova purchased a gnome from "Ivan"[4] through Amazon" (*id.* ¶ 29); and "admitted that Drone Whirl placed multiple orders for gnomes through an Amazon store (*id.* ¶ 30)." Defendants further admitted that "Mironova and Luo continued to correspond over email and the WeChat messaging application." (Dkt. 36 ¶ 26 (citing Ex. C to Complaint at 26, 29-34, and 40-46 (incorporated as Dkt. 36-1 at 87, 90-95, and 101-107)); Dkt. 39 ¶ 26.) In those messages attested to by Plaintiffs, Mironova confirms receipt of a Tomte Toy delivery on November 22, 2016:







[4] The General Manager of Shenzhen is Yifeng Luo. Mr. Luo's name in English is Ivan, a transliteration of his Chinese name. (Dkt. 36-1 at 64 [¶8].)

(Ex. C to Complaint, Dkt. 36-1 at 91-92.)

Mironova's sworn testimony and Defendants' admissions fully corroborate Plaintiffs' evidence showing that the Tomte Toy is prior art because it was made available to the public on Amazon and sold before the priority and filing date of the '756 patent. (*See* Luo Decl., Dkt. 36-1 at 64 [¶6]; Tomte Toy Analytics Data, Dkt. 36-1 at 80 (displaying analytic data for Tomte Toy product starting prior to Oct. 2016)). This material fact cannot, therefore, be in dispute.

B. Mironova Admits that Shenzhen's Gnome Toys Are Substantially Similar to the Design Claimed In the '756 Patent

During the PI Hearing, Mironova testified that the photos in Exhibit 24-1 (a copy of which is incorporated in the amended complaint as Exhibit E (Dkt. 36-1 at 116-120)) are an accurate depiction of the gnome toys purchased from Plaintiffs:

COUNSEL: If you can turn to Exhibit – or Document Number 24-1
…
Ms. Mironova, can you take a look at these photos --
…
Ignoring the color of these gnome toy products for a second, are these photos an accurate depiction of the product that you purchased from the defendant [sic]?
MIRONOVA: That looks like my design.
COUNSEL: Sorry, I don't believe you responded to my question. Are those an accurate depiction of the gnome toy products that you purchased from the plaintiffs?
MIRONOVA: Well, this looks like products I have purchased but they're my design.
COUNSEL: Okay. So – so – just to clarify, these are an accurate depiction of the products that you purchased from the plaintiffs?
MIRONOVA: Yes.

(Transcript of PI Proceeding, Dkt. 30 at 45:21-47:7; Dkt. 36 ¶ 41 (citing *id* at 45:20 to 47:7).)

Defendants answer that "[t]he transcript of the hearing speaks for itself, and to the extent Plaintiffs' characterization diverges from the text of the transcript, Plaintiffs' characterization is denied." (Dkt. 39 ¶ 41.) Because there is nothing ambiguous about Mironova's sworn

testimony, and Plaintiffs are not relying on a specific interpretation beyond her plain words, her sworn statements are therefore admitted.

Mironova's sworn testimony also fully corroborates Plaintiffs' evidence that below Figure 1 is a reproduction of photos appearing on Shenzhen's Amazon listings in 2016:



(a) (b)

**Figure 1: Photos of gnome toys available on Shenzhen's Amazon listings in 2016**

(*See* Luo Decl., Dkt. 36-1 at 64 [¶6] (citing Ex. 2 to Luo Decl., Ex. Dkt. 36-1 at 80); Dkt. 30 at 11:17-12:13). This material fact cannot, therefore, be in dispute.

During the PI Hearing, Mironova was asked by the Court to identify the differences between Shenzhen's Tomte Toy and the claimed design in the '756 patent. Mironova was unable to articulate any visual differences and described the designs as "similar" and "pretty much the same":

THE COURT: So can you tell me, the gnomes that they were offering and that you found online, how are those different in design from the patent that you later got?

MIRONOVA: Well, they're similar, all gnome designs they are pretty much the same, that's like a Santa Claus. You know, and my idea was that it's a gnome shape with a long hat and the -- it's not very obvious, but –

(Dkt. 30 at 66:17-23; Dkt. 36 ¶ 43 (citing *id*. at 66:17 to 67:2).) Pressed to elaborate, Mironova further testified that there was "not much" difference between the two designs:

> THE COURT: So, if I could put a picture of their gnome here and the gnome that you have a design patent for, tell me what is different between those two?
> MIRONOVA: Well, it will look like not much. Utility-wise, instance-wise there are differences.
> THE COURT: What are they?
> MIRONOVA: Well, the -- there is a spring in the hands so my gnome has a string, they are able to move the arms. The different type of material is used, the beard slightly different, it's more fluffy.

(Dkt. 30 at 66:24 to 67:8). Notably, Mironova also testified that the prior art gnome toys she purchased from Plaintiffs were "my design":

> COUNSEL: So you purchased products from [Plaintiffs] before you filed the ['404] application; is that correct?
> MIRONOVA: That's correct. I purchased the products from the plaintiff but this is my design.

(Dkt. 30 at 48:2-6; Dkt. 36 ¶ 42 (citing *id*. at 47:8 to 48:6). If Mironova insists that Shenzhen's prior art gnome dolls embody "her design," the Court should hold Mironova to that characterization.

Furthermore, Mironova admitted that any differences between the designs were limited to "utility-wise" differences. It is well-established that a "design patent only protects the novel, ornamental features of the patented design." *OddzOn Products, Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405, 43 USPQ2d 1641 (Fed. Cir. 1997); *see also*, *Auto. Body Parts Ass'n v. Ford Glob. Techs*., LLC, 930 F.3d 1314, 1316 (Fed. Cir. 2019) ("Section 171 of Title 35 authorizes patents claiming 'new, original and ornamental design[s] for an article of manufacture.' 35 U.S.C. § 171(a) (emphasis added). Our precedent gives weight to this language, holding that a design patent must claim an 'ornamental' design, not one 'dictated by function.'" *See, e.g.*, *High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1315 (Fed. Cir. 2013)). Thus, any differences

identified by Mironova in the utility or functionality between the designs are irrelevant to the ordinary observer test because the functionality described by Mironova – i.e., a string to move arms, and a fluffier beard – cannot be part of the claimed design.[5]

Defendants answer that "[t]he transcript of the hearing speaks for itself, and to the extent Plaintiffs' characterization diverges from the text of the transcript, Plaintiffs' characterization is denied." (Dkt. 39 ¶ 43.) Because there is nothing ambiguous about Mironova's sworn testimony, and Plaintiffs are not relying on a specific interpretation beyond her plain words, her sworn statements are therefore admitted.

Mironova's sworn testimony corroborates a finding of invalidity based on the ordinary observer test. The design of Shenzhen's Tomte Toy is substantially the same as the claimed ornamental design in the '756 patent. In fact, to an ordinary observer, the '756 patent's claimed design is essentially a reproduction of Shenzhen's Tomte Toy. To illustrate, a comparison of the admitted prior art gnome toys with the '756 figures is provided below:

| Exhibit E to Complaint | '756 Patent |
|---|---|
| | FIG. 1 |

[5] There is no indication in the '756 patent that those functional differences are at all related to any ornamental aspects in the claim. (*See* '756 patent at Figs 1-7.)




Adding credence to Defendants' concession of substantial similarity, Mironova filed complaints against Shenzhen's Tomte Toy for infringement of the '756 patent. (*See* Luo Decl., Dkt. 36-1 at

67-68 [¶¶20-21]; Amazon Complaints, Dkt. 36-1 at 109, 111, and 113; Dkt. 30 at 51:19-22 (Mironova testifying that she filed multiple intellectual property complaints with Amazon on Oct. 4, 2019)). Thus, the parties must agree that the designs are substantially similar because the ordinary observer test applies equally to both infringement and invalidity. *See Int'l Seaway Trading Corp.*, 589 F.3d at 1239 ("[I]t has been well established for over a century that the same test must be used for both infringement and anticipation. This general rule derives from the Supreme Court's proclamation 120 years ago in the context of utility patents: '[t]hat which infringes, if later, would anticipate, if earlier.'") (quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)). This material fact of substantial similarity between Shenzhen's prior art gnome toys and the '756 patent claim, therefore, cannot be in dispute.

C. The '756 Patent Is Invalid as Anticipated Under 35 U.S.C. § 102 and/or Obvious Under 35 U.S.C. § 103

As demonstrated above, because Defendants admit (i) that the Shenzhen gnome toys purchased by Mironova qualifies as prior art; and (ii) that the Shenzhen prior art gnome toys are substantially similar to the '756 patent (and, in fact, embody "her design"), the Court should rule that the '756 patent is invalid as anticipated on the pleadings.

In the alternative, the claimed ornamental design of the '756 patent is also obvious in view of Shenzhen's Tomte Toy. Under 35 U.S.C. §103, a patent is invalid for obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." The nonobviousness requirements of 35 U.S.C. §103 apply to design patents. *Titan Tire Corp. v. Case New Holland, Inc*. 566 F.3d 1372, 1380 (Fed. Cir. 2009). In the context of design patents, "the ultimate inquiry under §103 is whether the claimed design would have been obvious to a

designer of ordinary skill who designs articles of the type involved." *Id*. at 1380-81; *see also Durling v. Spectrum Furniture Co.,* 101 F.3d 100, 103 (Fed. Cir. 1996). An obvious modification to a single primary prior art reference can also invalidate a patent, even without any secondary references. *See Int'l Seaway Trading*, 589 F.3d at 1240. Here, based on the comparison of designs as shown above, any purported difference between the Tomte Toy and the claimed ornamental design of the '756 patent would have been obvious to a designer of ordinary skill at the time of filing the '404 application that ultimately issued as the '756 patent.

## V. CONCLUSION

None of the material issues necessary to determine whether the '756 patent is invalid are disputed. Each is established by Defendants' sworn testimony and other admissions and further corroborated by Plaintiffs' extensive documentary evidence. Thus, for the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment that the '756 patent claim is anticipated by Shenzhen's Tomte Toy Amazon product that was publicly available and purchased by Mironova prior to the '756 patent's priority date.

Dated: October 29, 2020

Respectfully submitted,

/s/ Jimmy Zhou
Jimmy Zhou (admitted *pro hac vice*)
Law Office of Jimmy Zhou, LLC
221 River Street, 9th Floor
Hoboken, NJ 07030
Tel: 201-857-7528
Fax: 201-812-9546
jimmy@jzhoulaw.com

John E. Handy (admitted *pro hac vice*)
IP Advanced LLC
2 Burlington Woods Drive, Suite 100
Burlington, MA 01803
Tel: 781-365-8250

Fax: 781-365-9499
jhandy@ipadvanced.com

JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

*Attorneys for Plaintiffs*
*Shenzhen Tange Li'An E-Commerce Co., Ltd. and ITOMTE, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system on October 29, 2020.

/s/ Jimmy Zhou
Jimmy Zhou