**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**Austin Division**

| | |
|---|---|
| SHENZHEN TANGE LI'AN E-COMMERCE CO., LTD. and ITOMTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DRONE WHIRL LLC d/b/a 7PRODUCTGROUP and TATIANA MIRONOVA, <br><br> Defendants. | Case No.: 1:20-CV-738-RP |

**PLAINTIFFS' OPPOSED MOTION TO QUASH**
**DEFENDANTS' SUBPOENA TO THIRD-PARTY PAYPAL, INC.**

Plaintiffs Shenzhen Tange Li'An E-Commerce Co., Ltd. ("Shenzhen") and ITOMTE,

Inc. ("ITOMTE") hereby submits this motion to quash the subpoena served on third-party

PayPal, Inc. and its subsidiary Venmo, Inc. on or around January 27, 2021 (the "PayPal

subpoena") by Defendants Tatiana Mironova ("Mironova") and Drone Whirl LLC (collectively,

"Defendants").

**I.     INTRODUCTION**

On or about January 27, 2021, Defendants served PayPal and its subsidiary Venmo with a

subpoena requesting personal and private financial information belonging to Yifeng Luo, Owner

and General Manager at Shenzhen:

> These requests seek documents related to a PayPal account tied to the email address
> "gtslife@yahoo.com."  The account is or was operated by Yifeng Luo, although it
> is not certain whether Luo registered the account under his own name.  The requests
> seek documents for the time period spanning from ***January 2015 to December***
> ***2020***.  Please produce documents showing the following information:

1.      IP addresses associated with any PayPal logins from this account.

2.      Financial instruments added to the PayPal account, including any bank accounts or credit cards.

3.      Transactional history for the account, including any complaints.

(Decl. of John E. Handy ("Handy Decl.") ¶ 2; Ex. A to Handy Decl. (notice of PayPal subpoena) (emphasis added).)

The parties met and conferred on February 3, 2021 to discuss multiple discovery issues, including the PayPal subpoena. (Handy Decl. ¶¶ 3, 4.)  Given the PayPal subpoena's broad scope in seeking all financial transactions and associated bank and credit cards over a six-year period relating to an email address of Mr. Luo's, Plaintiffs asked Defendants to explain the purpose of the subpoena. (*Id.* ¶ 4.)  Defendants could not. (*Id.*)  Plaintiffs then asked if Defendants would consider narrowing the scope of the subpoena. (*Id.*)  Defendants refused and, when advised of Plaintiffs' intention to move to quash, Defendants indicated they would respond accordingly. (*Id.*)  Defendants' refusal to even explain why the PayPal subpoena was issued left Plaintiffs with no alternative but to file the present motion.[1]  (*See id.*)

## II.      LEGAL STANDARDS

Under Rule 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A).  "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).  Other factors used to determine whether there is an undue burden include "(1) relevance of the information requested;

---

[1] As further explained *infra,* Defendants' refusal to share the subpoena's purpose, which cannot be reasonably discerned due to its broad request for all financial transactions and accounts relating to one of Mr. Luo's email addresses, raises serious concerns over the relevance of the discovery sought, and whether such discovery can otherwise be obtained directly from Plaintiffs or at least from a less intrusive source.

(2) the need of the party for the documents; (3) the breadth of the document request; (4) the time

period covered by the request; (5) the particularity with which the party describes the requested

documents; and (6) the burden imposed." *Hoeflein v. Crescent Drilling & Prod., Inc.*, No. SA-

19-CV-01194-FB, 2020 WL 7643122, at *3 (W.D. Tex. Dec. 23, 2020).

      To have standing to challenge a subpoena for the production of documents and things

under Rule 45, "the movant must be in possession or control of the requested material; be the

person to whom the subpoena is issued; or have a personal right or privilege in the subject matter

of the subpoena or a sufficient interest in it." *NAZ, LLC v. Philips Healthcare*, No. CV 17-

02882, 2018 WL 3208036, at *2 (E.D. La. June 29, 2018) (citing *Brown v. Braddick*, 595 F.2d

961, 967 (5th Cir. 1979)).  A party's personal right or privilege in its financial data may confer

proper standing to challenge a third-party subpoena. *See, e.g.*, *Terwillegar v. Offshore Energy

Servs., Inc.*, No. CIV.A. 07-01376, 2008 WL 2277879, at *3 (E.D. La. May 29, 2008) (holding

party has standing to bring motion to quash subpoena to third-party bank "because she has a

personal right regarding her financial information that is in the possession of [subpoenaed

bank]."); *Koch v. Greenberg*, No. 07 CIV. 9600BSJDF, 2009 WL 2143634, at *3 (S.D.N.Y. July

14, 2009) ("[I]ndividuals have a constitutionally protected privacy interest in their personal

records, which may provide a basis for standing to challenge subpoenas served on non-party

institutions."); *Schmulovich v. 1161 Rt. 9 LLC*, No. CIV.A.07-597 FLW, 2008 WL 4572537, at

*4 (D.N.J. Oct. 14, 2008) ("Personal rights claimed with respect to bank account records give a

party sufficient standing to challenge third-party subpoenas served upon financial institutions

holding such information.").

## III.    ARGUMENT

      Defendants' refusal to explain the purpose of the PayPal subpoena all but confirms that

Defendants are on a proverbial "fishing expedition" to find a viable defense to Plaintiffs' claims

or to support counterclaims currently subject to jurisdictional challenges.  (*See* Dkt. 47 (Rule

12(h)(3) motion to dismiss counterclaims for lack of subject matter jurisdiction), Dkt. 51 (motion

to dismiss Lanham Act counterclaim for failure to state a claim).)

      First, Plaintiffs cannot reasonably discern the relevance of the discovery sought in the

PayPal subpoena.  For example, the PayPal subpoena's six-year timeframe makes little sense in

relation to Defendants' counterclaims because Defendants already provided sworn testimony that

they have not been in the business of selling gnome dolls since around 2017 or 2018:

> COUNSEL:     And just to confirm, on October 4th, 2019, you filed multiple
>                     intellectual property complaints against the plaintiff?
> MIRONOVA:   Yes, I did, but I also retracted those complaints.
> COUNSEL:     Why did you retract those complaints?
> MIRONOVA:   Because I just wanted to stop this madness. ***I haven't sold***
>                     ***anything for over two years*** and I been harassed and I just
>                     wanted to, you know, end it.

(Dkt. 30 (Transcript of PI Hearing) at 51:19 to 52:1 (emphasis added).)

> COUNSEL:     And, my next question is: Do you still sell gnomes on Amazon?
> MIRONOVA:   No, I'm not. ***I haven't been selling for many, many years***. I'm
>                     done with this. I just want to move on with my life and just take
>                     care of my daughter.

(Dkt. 30 (Transcript of PI Proceeding) at 64:22 to 65:1 (emphasis added).)  *See also* Handy Decl.

¶ 5; Ex. B to Handy Decl. (Defendants' document production showing $0.00 Amazon sales for

Drone Whirl d/b/a 7ProductGroup during 2019 and parts of 2018 and 2020).).  Similarly,

Defendants represented to the Court that "Drone Whirl no longer sells gnomes and is not

otherwise monetizing the ['756] patent" and therefore "does not oppose Plaintiffs' request for a

narrow declaration that 'the claims of the '756 Patent are invalid.'"  (Dkt. 45 at 2, 4.)  Hence, the

PayPal subpoena cannot be relevant to Plaintiffs' request for declaratory judgment of invalidity.[2]

---

[2] Despite representing to the Court that not opposing a declaration that the '756 patent is invalid
"will help streamline the litigation and narrow the disputed issues in the case" (Dkt. 45 at 2),

Second, it is hard to imagine that six years' worth of limitless financial data is necessary to obtain relevant discovery that cannot be sourced in a less intrusive manner without violating Mr. Luo's privacy rights.  Since the email address in the PayPal subpoena is purportedly Mr. Luo's, it seems reasonable to presume that he can produce relevant discovery subject to the parties' protective order.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (The Court "must limit the frequency or extent of discovery otherwise allowed under [the Federal Rules] or by local rule if it determines that ... the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive.").  Unfortunately, Defendants' refusal to comply with very basic meet and confer expectations under Local Rule 7(i) strongly infers that Defendants have no realistic expectation that the PayPal subpoena will yield relevant evidence at all – and on that at least, Plaintiffs agree.

Finally, there is no particularity to the PayPal subpoena's request for Mr. Luo's financial data.  Under these circumstances, the only logical inference is that Defendants refuse to narrow the scope of the PayPal subpoena because it cannot.  Fishing expeditions such as this must remain unreasonably broad.  *See Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.") (internal quotation omitted).

Therefore, the Court should quash the PayPal subpoena because it imposes an undue burden under Rule 45 and this court's precedent, and there is nothing to suggest that the discovery sought is proportional to the needs of this case (or is relevant).  *See Old Towne Dev.*

---

Defendants still refuse to enter into a stipulation that the '756 patent is invalid and insist on a full court opinion on an undisputed issue. (Handy Decl. ¶ 6.)  The PayPal subpoena is, therefore, indicative of Defendants' insistence that the scope of discovery remain as open-ended as possible absent court intervention.

*Grp., L.L.C. v. Matthews*, No. CIV. A. 09-224-B-M2, 2009 WL 2021723, at *3 (M.D. La. July 9, 2009) (granting motion to quash subpoena to third-party bank as "nothing more than a fishing expedition designed to elicit confidential information regarding [defendant's] personal and corporate finances" and further holding that "[defendant's] interest in the privacy of his financial statements outweighs any attenuated relevance that such information might have"). And because Defendants have refused to narrow the scope of the PayPal subpoena without further explanation as to its relevance, modifying the PayPal subpoena is not a viable alternative.

## IV.   CONCLUSION

It is unfortunate that Plaintiffs had to file this motion to not only quash the PayPal subpoena, but also to coerce Defendants to proffer any explanation of its relevance. Regardless of Defendants' eventual attempt in opposition to justify the PayPal subpoena, its scope is facially overbroad and cannot outweigh Mr. Luo's privacy interest in his personal finances. Therefore, Plaintiffs respectfully ask the Court to quash the PayPal subpoena.

Dated:  February 10, 2021                                Respectfully submitted,

                                                /s/ Jimmy Zhou
                                                Jimmy Zhou (admitted *pro hac vice*)
                                                Law Office of Jimmy Zhou, LLC
                                                221 River Street, 9th Floor
                                                Hoboken, NJ 07030
                                                Tel: 201-857-7528
                                                Fax: 201-812-9546
                                                jimmy@jzhoulaw.com

                                                John E. Handy (admitted *pro hac vice*)
                                                IP Advanced LLC
                                                2 Burlington Woods Drive, Suite 100
                                                Burlington, MA 01803
                                                Tel: 781-365-8250
                                                Fax: 781-365-9499
                                                jhandy@ipadvanced.com

JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT Morris Law, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Tel: 512-717-5275
Fax: 512-582-2948

*Attorneys for Plaintiffs*
*Shenzhen Tange Li'An E-Commerce Co.,*
*Ltd. and ITOMTE, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system on February 10, 2021.

/s/ Jimmy Zhou
Jimmy Zhou

## CERTIFICATE OF CONFERENCE

On February 3, 2021, Defendants' attorneys, John Handy and I, conferred with Tim Cleveland and Austin Krist, attorneys for Plaintiffs, in an effort to narrow the subpoena or identify a less burdensome source for the information. Plaintiffs' counsel declined and indicated that Plaintiff would oppose the motion.

/s/ Jimmy Zhou
Jimmy Zhou