# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SHENZHEN TANGE LI'AN E-COMMERCE CO., LTD. and ITOMTE, INC., | § § § | |
| *Plaintiffs/Counterdefendants*, | § | |
| | § | CAUSE NO. 1:20-CV-00738-RP |
| v. | § | |
| | § | |
| DRONE WHIRL, LLC, d/b/a 7PRODUCTGROUP, and TATIANA MIRONOVA, | § § § | |
| *Defendants/Counterplaintiffs*, | § § | |

### NOTICE OF SUBPOENA TO PAYPAL

Plaintiffs hereby provide notice under Federal Rule of Civil Procedure 45 that they intend to serve the attached subpoena upon Paypal, Inc.

Respectfully submitted,

**Cleveland | Terrazas PLLC**

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Attorneys for Defendants Drone Whirl and Tatiana Mironova*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system on January 27, 2021.

*/s/ Austin H. Krist*
Austin H. Krist

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| Shenzhen Tange Li'an E-Commerce Co., Ltd. and ITOMTE, Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:20-CV-00738-RP |
| Drone Whirl, LLC, d/b/a 7Product Group, and Tatiana Mironova | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   PayPal, Inc./Venmo, Inc., c/o C T Corporation System, 28 Liberty St, 42nd Floor, New York, NY 10005

■ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### See **Exhibit A** (attached)

| Place:   28 Liberty St, 42nd Floor New York, NY 10005 AND via email to akrist@clevelandterrazas.com and tcleveland@clevelandterrazas.com | Date and Time:          February 26, 2021 |
|---|---|

□ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  January 27, 2021

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Drone Whirl, LLC and Tatiana Mironova                                                                    , who issues or requests this subpoena, are:

Tim Cleveland, 303 Camp Craft Road, Suite 325, Austin, TX 78746; tcleveland@clevelandterrazas.com; (512) 689-8698

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.      "Communication" means the transmittal of information, in the form of facts, ideas, and inquiries or otherwise, by any means whatsoever.

2.      "Document" means any written, electronic, magnetic, or graphic matter however produced or reproduced (**including electronically stored information of any and all types**). It includes writings, emails, drawings, graphs, charts, photographs, sound recordings, images, text messages, emails, social media messages, social media postings, voicemails, and other data compilations from which information can be obtained either directly or, if necessary, after translation by the responding party through detection devices into reasonably useable form. A draft of a non-identical copy is a separate document within the meaning of this term.

3.      "Person" means the singular as well as the plural, and masculine as well as the feminine, and includes any natural person or any business, legal, or governmental entity or association.

4.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive. The disjunctive includes the conjunctive, and vice versa.

5.      The terms "any" and "each" shall be construed as "all," "each and every," and/or "any one," whichever makes the request more inclusive.

6.      The term "all" shall include and encompass "any" or "each," whichever makes the request more inclusive.

7.      The use of the word "the" shall not be construed as limiting the scope of any request.

8.      The terms "including" and "include" means "specifically including but not limited to."

9.      Each gender of any word includes the other genders.

10.     The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

## <u>DOCUMENTS TO PRODUCE</u>

These requests seek documents related to a PayPal account tied to the email address "gtslife@yahoo.com." The account is or was operated by Yifeng Luo, although it is not certain whether Luo registered the account under his own name. The requests seek documents for the time period spanning from January 2015 to December 2020. Please produce documents showing the following information:

1.  IP addresses associated with any PayPal logins from this account.

2.  Financial instruments added to the PayPal account, including any bank accounts or credit cards.

3.  Transactional history for the account, including any complaints.

2