UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHENZHEN TANGE LI'AN<br>E-COMMERCE CO., LTD. and<br>ITOMTE, INC.,<br>    *Plaintiffs/Counter-Defendants*<br><br>v.<br><br>DRONE WHIRL LLC d/b/a<br>7PRODUCTGROUP and<br>TATIANA MIRONOVA,<br>    *Defendants/Counter-Plaintiffs* | §<br>§<br>§<br>§    CIVIL NO. 1:20-CV-00738-RP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**O R D E R**

Before the Court are Drone Whirl's Motion to Compel (Dkt. 55) and Plaintiffs' Opposed Motion to Quash Defendants' Subpoena to Third-Party PayPal, Inc. (Dkt. 56), both filed on February 10, 2021, and the associated response and reply briefs. On February 11, 2021, the District Court referred the motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I.      Background**

Plaintiffs/Counter-Defendants Shenzhen Tange Li'an E-Commerce Co., Ltd., a Chinese toy manufacturer, and its distributor ITOMTE, Inc. (collectively, "Shenzhen") seek a declaratory judgment that a design patent for a toy gnome is unenforceable and invalid under 35 U.S.C. §§ 102 and/or 103. First Amended Complaint, Dkt. 36. Shenzhen alleges that Defendant/Counter-Plaintiff Tatiana Mironova of Austin, Texas, purchased its stuffed gnome toys, then switched manufacturers and obtained a patent for an identical ornamental design without authorization. In addition to its patent claims, Shenzhen asserts claims for unfair competition, tortious interference with existing business relationships, fraud, and business disparagement under Texas law.

In their counterclaims, Defendant/Counter-Plaintiffs Mironova and Drone Whirl, LLC d/b/a 7ProductGroup (collectively, "Drone Whirl") allege that Shenzhen retaliated after Drone Whirl stopped buying gnome dolls from Shenzhen by interfering with Drone Whirl's business on Amazon.com. Among other allegations, Drone Whirl claims that Shenzhen placed orders without paying for them to "lock up" Drone Whirl's gnome inventory and bribed Shenzhen's customers to submit bad reviews of Drone Whirl's products. Dkt. 33 ¶¶ 100, 103. Drone Whirl asserts counterclaims against Shenzhen for unfair competition under the Lanham Act, 15 U.S.C. § 1125, as well as Texas common-law claims of fraud, breach of contract, business disparagement, and tortious interference with existing and prospective business relations.

Shenzhen responded to Drone Whirl's First Sets of Requests for Production and Interrogatories on November 2, 2020. Drone Whirl now asks the Court to compel Shenzhen to produce responsive documents and supplement its responses. Dkt. 55. Shenzhen, in turn, seeks to quash a subpoena Drone Whirl served on third-party PayPal, Inc. and its subsidiary Venmo, Inc. Dkt. 56.[1]

## II.   Drone Whirl's Motion to Compel

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information

---

[1] Several other motions are pending, including Plaintiffs' Opposed Motion to Stay Discovery and for Leave to Amend Proposed Case Schedule (Dkt. 65), which was filed March 10, 2021, and is not yet ripe. The Court finds that the motions addressed in this Order, which concern compliance with previously served discovery requests, are not obviated by the motion to stay discovery.

within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

**A.  Requests for Production**

As an initial matter, it appears that Shenzhen's efforts to produce documents responsive to many of Drone Whirl's requests are ongoing. Even if Shenzhen may not have complied promptly, it is not clear that most of the production issues Drone Whirl raises require judicial intervention. The parties are admonished of their obligation to attempt to resolve such issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining "good faith" requirement of Local Rule CV-7(i)).

## Requests No. 1, 23, and 24

Shenzhen states that it is continuing to search for documents responsive to these requests and will supplement its production on a rolling basis as additional documents are located. Drone Whirl's Motion to Compel is **GRANTED** to the extent that the Court **ORDERS** Shenzhen, subject

to the objections stated in its responses to these requests, to produce documents responsive to Requests for Production No. 1, 23, and 24.

### Requests No. 2, 4-7, 8-9, 25, and 29

These requests seek documents concerning Shenzhen's sales through Amazon.com. Shenzhen states that it produced available sales documents after Drone Whirl filed its Motion; is negotiating with Amazon.com for additional data; and will obtain responsive data by subpoena if necessary. *See* Dkt. 58 at 6-9; Dkt. 58-1 ¶¶ 2-5. Drone Whirl's Motion to Compel as to Requests for Production No. 2, 4-7, 8-9, 25, and 29 is **DENIED** without prejudice to refiling should Shenzhen fail to supplement its production promptly with any responsive documents it may obtain.

### Request No. 3

Request for Production No. 3 seeks documents for Shenzhen's sales of gnomes on any online platform other than Amazon.com. Shenzhen states that it has located no responsive documents. Dkt. 58 at 7. Drone Whirl's Motion to Compel as to Request for Production No. 3 is **DENIED**.

### Requests No. 11-12

Requests No. 11 and 12 seek all U.S. design patent applications submitted by Shenzhen and related documents. Shenzhen objects, asserting that only Mironova's design patent is at issue in this case, not any patents for which Shenzhen may have applied. Dkt. 58 at 7. Shenzhen, however, alleges in its First Amended Complaint that it too has filed a design application. Dkt. 36 ¶ 53. In view of the broad scope of discovery, these requests are relevant, albeit overbroad as to No. 12. Therefore, Shenzhen's objections to Requests No. 11 and 12 on the basis of relevance are **OVERRULED** and Drone Whirl's Motion to Compel as to Requests for Production No. 11 and 12 is **GRANTED IN PART**. Shenzhen is **ORDERED** to produce all non-privileged documents responsive to Request No. 11. Request No. 12 is limited such that Shenzhen is **ORDERED** to

produce "all filings received from the U.S. Patent and Trademark Office in connection with any design patent application submitted by Shenzhen **for any gnome design**."

### Request No. 17

Request for Production No. 17 states: "Produce documents and communications sufficient to show the relationship between Shenzhen and ITOMTE, including documents showing who owns and/or effectively controls Shenzhen and ITOMTE." Shenzhen states that it has produced a letter disclosing that Shenzhen has authorized ITOMTE to be a U.S. distributor and use the ITOMTE mark. Dkt. 58 at 7-8; Dkt. 58-4. Although this document appears to fully satisfy the request as to the relationship between Plaintiffs, it may not satisfy the second part of the request. Drone Whirl's Motion to Compel as to Requests for Production No. 17 is **GRANTED IN PART** to the extent that Shenzhen must produce any non-privileged documents within its possession, custody, or control sufficient to show "who owns and/or effectively controls Shenzhen and ITOMTE."

### Requests No. 19, 21, and 26

Shenzhen states that it has no documents responsive to these three requests other than those it already has produced. Dkt. 58 at 8-9. Drone Whirl's Motion to Compel as to Requests for Production No. 19, 21, and 26 therefore is **DENIED**.

### Request No. 22

Request for Production No. 22 seeks "all communications exchanged between Shenzhen and any actual or apparent Amazon customer regarding products sold by Drone Whirl on Amazon." Shenzhen did not object to this request and identifies several responsive documents that it has produced. In its reply brief, Drone Whirl states, without elaboration, that it "knows that Shenzhen has other, further email communications in its possession that have not been produced." Dkt. 59

5

at 3. The Court **GRANTS** Drone Whirl's Motion to Compel to the extent that Shenzhen must produce any additional non-privileged documents responsive to Request for Production No. 22.

## B. Interrogatory Responses

Shenzhen states that it will supplement its responses to Interrogatories No. 1, 2, 5, and 7 by producing business records pursuant to FED. R. CIV. P. 33(d). Dkt. 55-1 at 5-9. Drone Whirl contends that "Shenzhen should be compelled to produce the responsive documents and supplement its answer." Dkt. 55 at 8; *see also* Dkt. 59 at 4 (asking that Shenzhen "supplement its interrogatory answers to specify what responsive documents they are referring to"). Shenzhen did not respond to this portion of Drone Whirl's motion. Therefore, Drone Whirl's Motion to Compel is **GRANTED** to the extent that the Court **ORDERS** Shenzhen to supplement its responses to Interrogatories No. 1, 2, 5, and 7. Subject to Shenzhen's objections, Shenzhen must either produce and specify any non-privileged documents responsive to each interrogatory, or otherwise answer each interrogatory.

### III.    Shenzhen's Motion to Quash

On January 27, 2021, Drone Whirl served PayPal and its subsidiary Venmo with a subpoena for documents of Yifeng Luo, Shenzhen's owner and general manager. Dkt. 61 at 2. The subpoena seeks the following information for the email address gtslife@yahoo.com, which Luo has used to conduct business on behalf of Shenzhen, from January 2015 to December 2020:

1. IP addresses associated with any PayPal logins from the account.
2. Financial instruments added to the PayPal account, including any bank accounts or credit cards.
3. Transactional history for the account, including any complaints.

Dkt. 56-2. Shenzhen contends that the request is irrelevant and overbroad, and that Luo can produce any relevant discovery himself, subject to the parties' protective order. Drone Whirl

responds that Shenzhen lacks standing to object to the subpoena, on its own behalf or on Luo's, and that the documents it seeks are relevant to Shenzhen's claimed damages.

The Court first addresses the threshold question whether Shenzhen has standing to challenge the subpoena served on non-party PayPal. Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *E.g.*, *Bounds v. Cap. Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Standing may be lacking where the movant has not alleged any personal right or privilege with respect to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Courts have recognized, however, that standing may be conferred by personal rights in financial information. 9A ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2020) ("WRIGHT & MILLER"); *see also, e.g.*, *U.S. Reg'l Econ. Dev. Auth., LLC v. Matthews*, 3:16-cv-01093 (CSH), 2018 WL 2172713, at *9 (D. Conn. May 10, 2018); *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597 (FLW), 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008); *Terwillegar v. Offshore Energy Servs., Inc.*, No. 07-01376, 2008 WL 2277879, at *3 (E.D. La. May 29, 2008); *Arias-Zeballos v. Tan*, No. 06 Civ. 1268(GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. 2007). Although some federal courts have differed on this issue, *Frazier v. RadioShack Corp.*, No. 10-855-BAJ-CN, 2012 WL 832285, at *2 (M.D. La. March 12, 2012), most of the decisions cited by Drone Whirl concern Fourth Amendment privacy rights in the context of government investigations rather than civil litigation. *E.g.*, *U.S. v. Miller*, 425 U.S. 435 (1976); *Ward v. U.S. Dep't of Labor*, No. A-14-CV-553-LY, 2014 WL 4388580, at *1 (W.D. Tex. Sept. 5, 2014).

The Court finds, for purposes of this motion, that Shenzhen's significant interest in its financial information is sufficient to confer standing to challenge the subpoena on behalf of itself and Luo under Rule 45. *Hacienda Design Studio, LLC v. TCOE Inc.*, No. 14-0519 (RCL), 2016 WL

8258898, at *2 (W.D. Tex. Sept. 30, 2016); *Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013).[2]

A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden. *Swire v. Kempf*, 1:18-CV-1003-AWA, 2020 WL 2326198, at *3 n.2 (W.D. Tex. May 11, 2020). The Court will, however, consider whether the documents Drone Whirl seeks are relevant to determine whether their probative value outweighs the personal interest that Shenzhen asserts. 9A WRIGHT & MILLER § 2459 (noting that "a subpoena may be quashed if it calls for clearly irrelevant matter"). Drone Whirl alleges that it seeks the information subpoenaed because it

> believes that Shenzhen's Amazon revenues have been artificially inflated as part of a scheme to bolster Shenzhen's Amazon ranking. Specifically, Drone Whirl has reason to believe that (a) Shenzhen repeatedly "sold" products to "customers" for the purpose of obtaining positive reviews and inflating sales numbers; and then (b) reimbursed the "customers" via PayPal. If Drone Whirl is correct about this scheme, then Shenzhen's Amazon sales numbers may significantly overstate its actual revenues—and correspondingly, the damages (if any) which Shenzhen is entitled to recover on its claims. Drone Whirl requested records from the PayPal account used by Shenzhen in order to determine the extent of this revenue inflation.

Dkt. 57 at 5.

The Court finds that Drone Whirl has failed to establish that the information it seeks is relevant to this case. The first two categories of information identified in the subpoena are "IP addresses associated with any PayPal logins from [Luo's] account" and "Financial instruments added to the PayPal account, including any bank accounts or credit cards." Drone Whirl does not show that these types of information have any relevance. The third category, "Transactional history for the

---

[2] The Court also notes that a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery. *Bounds*, 314 F.R.D. at 218-19; *Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV5-85-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017).

account, including any complaints," is not directed to documents related to Shenzhen's business and apparently would result in production by PayPal of Luo's personal financial information, which Drone Whirl also has not shown to be relevant to this case.

Notwithstanding the broad scope of discovery, information must be relevant to the claim or defense of any party in the action or appear reasonably calculated to lead to the discovery of admissible evidence before the Court will require its production. Drone Whirl has the opportunity to discover financial information relevant to Shenzhen's damages through requests to Shenzhen, rather than a third-party subpoena to PayPal targeting six years of Luo's financial information. Based on the foregoing, Shenzhen's Motion to Quash is **GRANTED**.

## IV.    Conclusion

Drone Whirl's Motion to Compel (Dkt. 55) is **GRANTED IN PART AND DENIED IN PART**. As detailed above, Shenzhen is **ORDERED** to produce documents within its possession, custody, or control responsive to Interrogatories No. 1, 11, 12 (as amended), 17, and 22-24 by **April 12, 2021**. Shenzhen is further **ORDERED** to supplement its responses to Interrogatories No. 1, 2, 5, and 7, subject to its objections, by producing and specifying any responsive, non-privileged documents or otherwise answering each interrogatory by **April 12, 2021**. The Court **DENIES** Drone Whirl's request for attorney's fees and costs.

Plaintiffs' Opposed Motion to Quash Defendants' Subpoena to Third-Party PayPal, Inc. (Dkt. 56) is **GRANTED**.

All other relief not expressly granted herein is **DENIED**.

**SIGNED** on March 15, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9