UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SHENZHEN TANGE LI'AN** § <br> **E-COMMERCE CO., LTD.,** § <br> **ITOMTE, INC., and ITOMTE, INC.,** § <br> a Delaware Corporation, § <br> *Plaintiffs/Counter-Defendants* § <br> § <br> **v.** § <br> § <br> **DRONE WHIRL LLC d/b/a** § <br> **7PRODUCTGROUP and** § <br> **TATIANA MIRONOVA,** § <br> *Defendants/Counter-Plaintiffs* § | **CIVIL NO. 1:20-CV-00738-RP** |

**O R D E R**

Before the Court are Plaintiffs' Opposed Motion to Stay Discovery and for Leave to Amend Proposed Case Schedule (Dkt. 65), filed March 10, 2021, and Drone Whirl's Response in Opposition to Shenzhen's Motion to Stay Discovery (Dkt. 68), filed March 17, 2021.[1] On March 11, 2021, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I.   Background**

Plaintiffs/Counter-Defendants Shenzhen Tange Li'an E-Commerce Co., Ltd., a Chinese toy manufacturer, and its distributor, the California and Delaware corporations ITOMTE, Inc. (collectively, "Shenzhen"), seek a declaratory judgment that a design patent for a toy gnome is unenforceable and invalid under 35 U.S.C. §§ 102 and/or 103. First Amended Complaint, Dkt. 36. Shenzhen alleges that Defendant/Counter-Plaintiff Tatiana Mironova of Austin, Texas, purchased

---

[1] The Court need not wait for a reply before ruling on the motion. Local Rule CV-7(f)(2).

its stuffed gnome toys, then switched manufacturers and obtained a patent for an identical ornamental design without authorization. In addition to its patent claims, Shenzhen asserts claims for unfair competition, tortious interference with existing business relationships, fraud, and business disparagement under Texas law.

In their counterclaims, Defendant/Counter-Plaintiffs Mironova and Drone Whirl, LLC d/b/a 7ProductGroup (collectively, "Drone Whirl") allege that Shenzhen retaliated after Drone Whirl stopped buying gnome dolls from Shenzhen by interfering with Drone Whirl's business on Amazon.com. Among other allegations, Drone Whirl claims that Shenzhen placed orders without paying for them to "lock up" Drone Whirl's gnome inventory and bribed Shenzhen's customers to submit bad reviews of Drone Whirl's products. Dkt. 33 ¶¶ 100, 103. Drone Whirl asserts counterclaims against Shenzhen for unfair competition under the Lanham Act, 15 U.S.C. § 1125, as well as Texas common-law claims of fraud, breach of contract, business disparagement, and tortious interference with existing and prospective business relations.

Shenzhen now asks the Court to stay fact discovery pending ruling on its pending motions:

- for partial judgment on the pleadings on Shenzhen's claim for declaratory judgment of invalidity of Mironova's design patent, pursuant to FED. R. CIV. P. 12(c) (Dkt. 42);
- to dismiss defendants' state law counterclaims for lack of jurisdiction, pursuant to FED. R. CIV. P. 12(h)(3) (Dkt. 47); and
- to dismiss defendants' Lanham Act counterclaim for failure to state a claim on which relief can be granted, pursuant to FED. R. CIV. P. 12(c) (Dkt. 51).

Drone Whirl opposes a stay, arguing that even if all three of Shenzhen's motions are granted, the parties still must conduct discovery on their remaining claims and affirmative defenses. Drone Whirl further contends that Shenzhen's patent motion can be resolved without a stay because it does not oppose Shenzhen's request for a declaration that the claims of the design patent are invalid. Finally, Drone Whirl asserts that Shenzhen's motions to dismiss lack merit.

## II.       Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that a motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-DAE, 1142016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Shenzhen has failed to show good cause to stay discovery. The Court agrees with Drone Whirl that even a grant of all three of Shenzhen's pending motions to dismiss and for partial judgment would not preclude the need for discovery on the remaining claims and defenses. Shenzhen argues that it will be prejudiced if it must "expend more time and resources proving up (unopposed) invalidity and unenforceability" of the design patent. Dkt. 65 at 10. Although a declaration that the claims of Mironova's design patent are invalid would obviate the need for discovery on that patent, it is unclear why the parties would pursue discovery on the patent because Drone Whirl does not oppose a declaration of invalidity.

Finally, Shenzhen argues that Drone Whirl will not be prejudiced by a stay of discovery because trial likely will be delayed due to the COVID-19 pandemic, and "Defendants cannot demonstrate any urgent circumstances requiring discovery to continue unabated while the Court considers the Pending Motions." Dkt. 65 at 9. Pursuant to the Fourteenth Supplemental Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic issued March 17, 2021, civil and criminal jury trials scheduled to begin through April 30, 2021, are continued to a date to be reset by each Presiding Judge. No scheduling order has been entered in this case, however, so Shenzhen's argument rests on conjecture and also places the burden on the wrong party. It is Shenzhen that must show good cause to stay discovery, which it has not done.

Weighing the harm produced by a delay in discovery, the Court finds that a stay would be inappropriate because the need for discovery will not be eliminated even if the Court grants Shenzhen's motions for partial judgment and to dismiss. *See, e.g.*, *360 Mortgage Grp., LLC v. LoanCare LLC*, 1:18-CV-332-RP, 2018 WL 6272034 (W.D. Tex. Nov. 30, 2018) (denying motion to stay discovery pending resolution of motion to dismiss); *Gibraltar Cable Barrier Sys., LP v. Neusch*, No. 1:16-CV-418-LY-ML, 2017 WL 7052268, at *1 (W.D. Tex. July 14, 2017) (same).

### III.   Conclusion

Based on the foregoing, Plaintiffs' Opposed Motion to Stay Discovery and for Leave to Amend Proposed Case Schedule (Dkt. 65) is **DENIED**.

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on March 19, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE