# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SHENZHEN TANGE LI'AN § <br> E-COMMERCE CO., LTD., § <br> ITOMTE, INC., and ITOMTE, INC., § <br> a Delaware Corporation, § <br>     *Plaintiffs/Counter-Defendants* § <br> § <br> v. § <br> § <br> DRONE WHIRL LLC d/b/a § <br> 7PRODUCTGROUP and § <br> TATIANA MIRONOVA, § <br>     *Defendants/Counter-Plaintiffs* § | Case No. 1:20-CV-00738-RP |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiffs' Corrected Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), filed October 29, 2020 (Dkt. 42); Plaintiffs' Motion to Dismiss Defendants' State Law Counterclaims for Lack of Diversity Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3), filed November 18, 2020 (Dkt. 47); Plaintiffs' Motion to Dismiss Defendants' Lanham Act Counterclaim for Failure to State a Claim upon which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(c), filed December 9, 2020 (Dkt. 51); Plaintiffs' Motion to Compel the Production of Misappropriated Rule 45 Subpoenaed Documents and to Impose Related Sanctions, filed June 10, 2021 (Dkt. 71); and the associated response and reply briefs. The District Court referred the Motions and related filings to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I.   Background

Plaintiffs/Counter-Defendants Shenzhen Tange Li'an E-Commerce Co., Ltd., a Chinese toy manufacturer, and its distributor, the California and Delaware corporations ITOMTE, Inc. (collectively, "Shenzhen"), seek a declaratory judgment that a design patent for a toy gnome figurine, U.S. Design Patent No. D819,756 ("the '756 patent"), is unenforceable and invalid under 35 U.S.C. §§ 102 and/or 103. Second Amended Complaint, Dkt. 75. Shenzhen alleges that Defendant/Counter-Plaintiff Tatiana Mironova of Austin, Texas, purchased its stuffed gnome toys, then switched manufacturers and obtained a patent for an identical ornamental design without authorization. *Id.* ¶¶ 13-60. Shenzhen also alleges that Mironova filed intellectual property complaints against its storefront on Amazon.com fraudulently claiming infringement of her patent rights and copyrights. *Id.* ¶¶ 62-67. The complaints resulted in Amazon delisting Shenzhen's products. *Id.* ¶¶ 68-69. In addition to its patent claims, Shenzhen asserts claims under Texas law for unfair competition, tortious interference with existing business relationships, fraud, and business disparagement.

In their counterclaims, Defendant/Counter-Plaintiffs Mironova and Drone Whirl, LLC d/b/a 7ProductGroup (collectively, "Drone Whirl") allege that Shenzhen retaliated after Drone Whirl stopped buying gnome dolls from Shenzhen by interfering with Drone Whirl's business on Amazon.com. Dkt. 33 ¶¶ 99-105. Among other allegations, Drone Whirl claims that Shenzhen placed orders without paying for them to "lock up" Drone Whirl's gnome inventory and bribed Shenzhen's customers to submit bad reviews of Drone Whirl's products. *Id.* ¶¶ 100-03. Drone Whirl also alleges that Shenzhen distributed pamphlets to its customers containing false or misleading statements about Drone Whirl's products. *Id.* ¶¶ 102, 122-23, 130-32. Drone Whirl asserts counterclaims against Shenzhen for unfair competition under the Lanham Act, 15 U.S.C.

§ 1125(a), as well as Texas common-law claims of fraud, breach of contract, business disparagement, and tortious interference with existing and prospective business relations.

Shenzhen moves to dismiss Drone Whirl's state law counterclaims for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Shenzhen also seeks judgment on the pleadings as to Drone Whirl's Lanham Act counterclaims and that the '756 patent is invalid. Finally, Shenzhen moves to compel production of documents pursuant to a third-party subpoena served on Drone Whirl's patent agent.

## II.     Motion to Dismiss Counterclaims for Lack of Subject-Matter Jurisdiction

### A.  Legal Standards

A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under Rule 12(h)(3), the objection that a federal court lacks subject-matter jurisdiction may be raised at any time by a party or by the Court on its own initiative. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Courts apply the standards developed under Rule 12(b)(1) to a motion filed under Rule 12(h)(3). *Wittner v. Schwartz*, No. 3:19-CV-3-DMB-JMV, 2020 WL 853543, at *1 n.2 (N.D. Miss. Feb. 20, 2020); *Crockett v. United States*, No. SA-06-CA-0574-RF, 2007 WL 9702681, at *1 (W.D. Tex. Dec. 4, 2007).

In assessing subject-matter jurisdiction, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The trial court is "free to weigh the evidence and satisfy itself" that subject-

3

matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**B. Analysis**

Shenzhen argues that the Court lacks jurisdiction over Drone Whirl's state law counterclaims because the amount in controversy is not more than $75,000, as required for diversity jurisdiction.[1] Dkt. 47. Drone Whirl contends that the Court has supplemental jurisdiction over its state law counterclaims. The Court agrees with Drone Whirl.

In any action where there is original jurisdiction, a federal court has supplemental jurisdiction over all claims forming part of the same case or controversy. 28 U.S.C. § 1367(a); *Arbaugh*, 546 U.S. at 506. The relevant inquiry is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact. *Energy Mgmt. Servs, LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006)). When the claims in question are counterclaims, a court focuses on whether the counterclaims satisfy the requirement of Section 1367. *Neria v. DISH Network, LLC*, No. 6:19-CV-00430-ADA, 2019 WL 8331600, at *2 (W.D. Tex. Oct. 28, 2019).

It is undisputed that the Court has original jurisdiction over Shenzhen's Second Amended Complaint, which presents a federal question by asserting claims relating to the validity of the '756 patent. Dkt. 75 ¶ 1. It also is undisputed that Drone Whirl's Lanham Act counterclaim presents a federal question. Dkt. 33 ¶¶ 128-35. Shenzhen's Second Amended Complaint includes state law claims for unfair competition, tortious interference, fraud, and business disparagement. Shenzhen's state law claims arise from Drone Whirl's alleged activities on the Amazon sales

---

[1] Shenzhen does not dispute that there is subject-matter jurisdiction over Drone Whirl's Lanham Act counterclaim.

platform, including purportedly asserting invalid patent rights and placing fraudulent orders to disrupt Shenzhen's business. *Id.* ¶¶ 97-133. Drone Whirl's state law counterclaims for fraud, breach of contract, business disparagement, and tortious interference also arise from the parties' activities on the Amazon sales platform relating to alleged rights under the '756 patent. Dkt. 33 ¶¶ 106-27, 136-43. Because the same activities form the basis of the parties' competing claims, Drone Whirl's counterclaims are derived from the same nucleus of operative fact as Shenzhen's original claims.

The facts alleged show Drone Whirl's counterclaims to be part of the same case or controversy as the claims over which the Court has original jurisdiction. Therefore, the Court recommends that the District Court **DENY** Plaintiffs' Motion to Dismiss Defendants' State Law Counterclaims for Lack of Diversity Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) (Dkt. 47).

### III.   Motions for Judgment on the Pleadings

Shenzhen has filed two motions pursuant to Rule 12(c). First, Shenzhen seeks partial judgment on the pleadings that the '756 patent is invalid. Dkt. 42. Second, Shenzhen seeks judgment on the pleadings that Drone Whirl's Lanham Act counterclaim fails to state a claim. Dkt. 51.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Under both rules, the Court must determine whether, "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

When considering a motion for judgment on the pleadings, the court must view all facts as pled in the light most favorable to the non-moving party. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**A. Declaration of Invalidity**

Shenzhen argues that Mironova's sworn testimony at the Court's preliminary injunction hearing establishes that the Tomte Toy is prior art which renders the '756 patent invalid. Drone Whirl states that it "is not opposed to a narrow declaration that the '756 patent is invalid." Dkt. 45 at 2. In its reply, Shenzhen "accept[s] Defendants' proposed 'narrow declaration' that the '756 patent is invalid" and "ask[s] the Court to enter an Order that the '756 patent is invalid by virtue of this agreement by the parties." Dkt. 46 at 3.

6

The parties agree that Shenzhen is entitled to judgment on the pleadings that the '756 patent is invalid. Patent invalidity claims may be resolved by agreement. *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1361-62 (Fed. Cir. 2010). Accordingly, the undersigned recommends that the District Court **GRANT** Shenzhen's Corrected Motion for Partial Judgment on the Pleadings and enter judgment that the '756 patent is invalid by agreement of the parties.

**B. Lanham Act Section 43(a)(1)**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To prevail on a cause of action under Section 43(a), a plaintiff "must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). To state a prima facie case under Section 43(a)(1), a plaintiff must show:

> (1) A false or misleading statement of fact about a product;
>
> (2) Such statement either deceived or had the capacity to deceive a substantial segment of potential consumers;
>
> (3) The deception was material, in that it is likely to influence the consumer's purchasing decision;
>
> (4) The product is in interstate commerce; and
>
> (5) The plaintiff has been or is likely to be injured as a result of the statement at issue.

*IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 375 (5th Cir. 2002).

An essential element of a claim under Section 43(a) is that the challenged statement is one of fact. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495-96 (5th Cir. 2000). The challenged statement must make a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Id.* at 496 (quotations omitted). For an unfair competition claim under Section 43(a)(1)(A), a plaintiff also must show a likelihood of confusion. *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 483 (5th Cir. 2004). For a false advertising claim under Section 43(a)(1)(B), a plaintiff must show the statement was made in commercial advertising or promotion. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996).

Shenzhen contends that Drone Whirl's counterclaim under Lanham Act Section 43 fails because there are no allegations of fact showing false or misleading statements or consumer confusion, or that the statements were made as part of commercial advertising or promotion. Drone Whirl alleges that Shenzhen "used false and misleading descriptions and representations of fact regarding the nature, qualities, and characteristics of Drone Whirl's products and commercial activities." Dkt. 33 ¶ 130. More specifically, Drone Whirl alleges that Shenzhen distributed a pamphlet (shown below) to its customers containing false or misleading statements. *Id.* ¶ 102.



The text of the pamphlet begins:

> We are aware that there are a number of companies who are committing design infringements on our products. Producing versions of our products and selling them on the internet, particularly AMAZON. Using our products description, our pictures that we have taken of our own products even our brand to falsely exploit our reputation, in order to make quick sales. Then, they are manufacturing cheap imitations with the intent of selling them. There are only 3 shops (shop name: ITOMTE, ITOMTE INC., Hi Gnome) that are currently authorized to sell our products on AMAZON . . . .

Dkt. 53-1. Shenzhen's alleged statements that companies engaged in "design infringements" to manufacture products that are "cheap imitations" of Shenzhen's "authorized" products are statements of fact that are capable of being proved false or misleading. *Pizza Hut, Inc.*, 227 F.3d at 496. Shenzhen correctly notes that the pamphlet does not mention Drone Whirl by name. Dkt. 54 at 2. Nonetheless, Drone Whirl has alleged that Shenzhen marketed its competing products in a deceptive manner that injured Drone Whirl's commercial interests and reputation, which is sufficient to confer standing under the Lanham Act.

Drone Whirl also asserts that Shenzhen disparaged "the character of Drone Whirl's business and products through emails . . . sent to customers" and that its "statements were likely to cause confusion or mistake regarding . . . the nature, characteristics, and qualities of Drone Whirl's products and commercial activities." Dkt. 33 ¶¶ 122, 132. Drone Whirl sufficiently alleges consumer confusion to state a claim for unfair competition under Section 43(a)(1)(A).

In addition, Drone Whirl alleges that Shenzhen's statements were made in emails and a pamphlet sent to its customers, which is sufficient to show commercial speech or promotion for purposes of a motion to dismiss under Section 43(a)(1)(B). *See Seven-Up Co.*, 86 F.3d at 1384 (noting that "advertising" and "promotion" in Lanham Act should be given their plain and ordinary meanings). Despite Shenzhen's arguments to the contrary, the inquiry on a motion to dismiss is

9

not whether Drone Whirl has proven that Shenzhen sufficiently disseminated its pamphlet to meet the requirements for "commercial advertising or promotion" under Section 43(a)(1)(B), but whether Drone Whirl's allegations state a claim for relief.

At this stage of the proceeding, the Court's task is to consider whether Drone Whirl's allegations are sufficient to make it more than merely speculative that it might be entitled to relief under the Lanham Act. *YETI Coolers, LLC v. JDS Indus., Inc.,* 300 F. Supp. 3d 899, 906 (W.D. Tex. 2018). Taken as true, Drone Whirl's allegations, together with allegations of an interstate commerce nexus and resulting damages, state a claim for unfair competition and false advertising under the Lanham Act. Dkt. 33 ¶¶ 129, 133. Accordingly, the undersigned Magistrate Judge recommends that the District Court **DENY** Plaintiff's Motion to Dismiss Defendants' Lanham Act Counterclaim for Failure to State a Claim upon which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(c).

### IV.     Motion to Compel

On April 12, 2021, Shenzhen filed its Notice of Service of Subpoena under Rule 45 on non-party Sinorica LLC, Drone Whirl's patent agent, seeking information about prior art disclosures and prosecution decisions relating to the '756 patent. Dkt. 71-4 at 2, 10. The subpoena required responsive documents to be produced by May 12, 2021. *Id.* at 5. Drone Whirl informed Sinorica that it should withhold from its production any privileged documents or communications. Dkt. 72 at 2. Sinorica presented its responsive documents to Drone Whirl so that Drone Whirl could conduct a privilege review. *Id.* Drone Whirl served a privilege log on Shenzhen identifying the documents withheld from Sinorica's production on a claim of privilege. *Id.* at 3. Sinorica then produced the non-privileged, responsive documents within the time for compliance. *Id.*

Shenzhen now moves for production of the privileged documents it contends were "misappropriated by defense counsel" and seeks sanctions for discovery abuse. Dkt. 71. Drone Whirl argues that it acted properly in reviewing Sinorica's document production and asserting appropriate privilege objections.

## A. Legal Standard

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. The rule provides that: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). A person withholding subpoenaed information under a claim of privilege must "expressly make that claim" and produce a privilege log describing "the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii).

## B. Analysis

Communications between patent applicants and patent agents that are incident to the preparation and prosecution of patent applications may be protected by privilege. *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1301 (Fed. Cir. 2016) (stating that communications between non-attorney patent agents and clients regarding prosecution of patent applications "receive the benefit of the patent-agent privilege"); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72-DF, 2009 WL 10679838, at *2 (E.D. Tex. July 1, 2009) (stating that "attorney-client privilege is applicable to communications between patent agent and client" (citing *Sperry v. Fla.* 373 U.S. 379 (1963)). A client holds the privilege and retains the right to assert it on a timely basis in

response to a non-party subpoena. *Doe 1 v. Baylor Univ.*, No. 6:16-CV-173-RP, 2019 WL 2462800, at *5 (W.D. Tex. June 7, 2019).

Shenzhen does not challenge any specific entry on the privilege log for the Sinorica production. Instead, Shenzhen suggests in a footnote that privilege may have been waived due to the crime-fraud exception, but provides no evidence to support such a finding. Dkt. 71 at 5 n.3. Because the privilege belongs to the client, Sinorica properly withheld certain responsive documents under Drone Whirl's express claims of privilege pursuant to Rule 45(e)(2), and Plaintiffs' Motion to Compel is denied.

## C. Order

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Compel the Production of Misappropriated Rule 45 Subpoenaed Documents and to Impose Related Sanctions (Dkt. 71).

## V. Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Corrected Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Dkt. 42). The undersigned further **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Dismiss Defendants' State Law Counterclaims for Lack of Diversity Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) (Dkt. 47) and Plaintiffs' Motion to Dismiss Defendants' Lanham Act Counterclaim for Failure to State a Claim upon which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(c) (Dkt. 51).

It is **ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 6, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE